EAST TENN., VA. & GA. R. R. COMPANY v. FEATHERS.

RAILROADS. *Statutory precautions.* The statutory precautions of sub-section 3 of sec. 1166 of the Code, have no application where a person is injured while traveling along a public road near to and parallel with the railroad.

FROM WASHINGTON.

Appeal in error from the Circuit Court. of Washington county.    N. HACKER, J.

JOHN ALLISON and W. M. BAXTER for Railroad.

S. J. KIRKPATRICK for Feathers.

Railroad Co. *v.* Feathers.

FREEMAN, J., delivered the opinion of the court.

This action is brought by the husband, to recover damages for injuries received by the wife by reason of her horse being frightened by a train on defendant's road.

The facts are, that plaintiff and his wife were riding horseback from church. The road they chose to travel, after crossing the railroad, ran along near and parallel to the railroad for probably a mile or more. Plaintiff and wife were riding along this road going east, having passed the crossing from a quarter to half a mile west of where the public road crossed the railroad, when a train approached from the west going east, the noise of which frightened the wife's horse, which threw her, and injured her severely.

We need decide only one question presented in this case. His Honor, the circuit judge, held the failure to use the precautions required by sec. 1166—sub-sec. 3, would have entitled plaintiff to recover. This is the general theory of his charge, and if erroneous is conclusive of the result in this case.

Sub-section 2, of the above section of the Code, provides for a sign to be placed by the overseer of any public road at any crossing, marked, "Look out for the cars when you hear the whistle or bell." No engine driver is required to blow the whistle or ring the bell at any crossing unless it is so designated.

Sub-section 3 is: On approaching any crossing, so distinguished, the whistle or bell of the locomotive

shall be sounded at the distance of one-fourth of a mile from the crossing, and at short intervals till the train has passed the crossing.

It seems clear this language imposes a duty on the company in order to give warning to persons about to cross the road, or who may be in the act of crossing possibly, or had just passed over the road, but it does not apply to parties who are not about to cross the road, but are simply traveling alongside, as in this case, showing an evident purpose not to cross at all. If the parties had been injured in attempting to cross the road, either when near the track, before passing over, or immediately after crossing, but still as the result of failure to blow the whistle or ring the bell to warn them of the approach to the crossing by the train, a right of action would have accrued. But where the parties are not endangered by crossing the road, but only by reason of traveling parallel to it, the statute precautions can have no application.

What might be the rights and duties of the parties at common law, we need not determine on the facts of this case.

We only decide that the statutory regulations do not apply in favor of parties not injured in crossing or attempting to cross a railroad, but simply by reason of the fact that they are casually riding along near and parallel to the railroad on a public road, with no purpose to cross it.

Reverse the judgment and remand for another trial.